11PEATROSS, J.,
dissenting.
I respectfully dissent. In his written reasons for judgment, the trial court stated:
The testimony of plaintiff and of Mr. Robert Darrow was to the effect that neither of them gave any written notice to the city about the condition of the water meter cover and while Mr. Darrow claims to have given verbal notice to the city he could not recall when that was done, and the city records do not reflect such a call. Plaintiff claims that city councilman Monty Walford was told of the problem but that was not corroborated at trial. Insofar as actual notice, plaintiff has not met his burden of proving same by a preponderance of the evidence.
and the judgment of the trial court stated:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that under the required standard and burden of proof the plaintiff failed to prove the City of Shreveport had actual or constructive notice of the alleged defective condition of the neutral ground area pri- or to the filing of this action on May 21, 2003.
Regarding the issue of notice, the trial court heard the testimony of Robert Darrow, the managing director of the Shreveport Little Theater, and City Councilman Monty Walford. Mr. Darrow could not recall when he allegedly gave verbal notice to the city and the city records do not reflect such a call. The testimony of Mr. Walford dealt only with a “drainage problem” in the area of the Shreveport Little Theater, not sunken meter problems. The trial court made a factual determination that this testimony did not rise to the level of actual or constructive notice to the city. I find no manifest error in this factual decision of the trial court.
In addition, the majority cites this court’s opinion in Lewis v. City of Shreveport, 36,659 (La.App. 2d Cir.12/11/02), 837 So.2d 44, as “relevant [to the present case] on a number of issues.” I respectfully disagree. Lewis | ¡¡establishes that the city is responsible for this particular area, the banquette, where the water meter is located. There is no dispute in the case sub judice that the city is responsible for maintenance of this area, rather, the issue in this case is whether or not the city had notice of the condition under 9:2800. Notice was not an issue in Lewis. This court stated in Lewis, and the majority here so notes that, in Lewis “the City had received numerous complaints concerning this hole in the past, but had taken no action to repair the hole.” By contrast, as mentioned above, the only evidence of any report of the hole near the meter in this case is Mr. Darrov/s testimony that he called the number on his water bill years ago and reported the hole. Again, there is no record of this call. The trial court’s factual decision that this was insufficient evidence of notice to the city was not clearly wrong. Accordingly, I respectfully dissent.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, PEATROSS, and MOORE, JJ.
Rehearing denied.
STEWART and PEATROSS, JJ, would grant rehearing.